Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ESCALANA PÉREZ SÁNCHEZ<br><br>Apelante<br><br><br>V.<br><br><br>ANÍBAL BETANCOURT<br><br>Apelado | TA2025AP00227 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2025CV01432<br><br>Sobre:<br>Cobro de Dinero<br>(Regla 60) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

El 11 de agosto de 2025, compareció ante este Tribunal de Apelaciones la señora Escalana Pérez Sánchez (en adelante, señora Pérez Sánchez o parte apelante), por medio de recurso de apelación. Mediante este, nos solicita que revisemos la *Sentencia* emitida y notificada el 26 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Demanda* interpuesta por la señora Pérez Sánchez.

Por los fundamentos que adelante se exponen, se desestima el recurso de epígrafe por falta de jurisdicción.

**I**

La controversia de epígrafe tuvo lugar en una *Demanda Sobre Cobro de Dinero* interpuesta por la parte apelante, en contra del señor Aníbal Betancourt (en adelante, parte apelada). Indicó que, la

alegada deuda era por concepto de cuido de envejeciente y limpieza de residencia.

Posteriormente, la señora Pérez Sánchez presentó *Moción Informativa a Demanda ¿El Aviso no Llega?*. Argumentó que, el 11 de marzo de 2025 fue contratada como cuidadora por el señor Daniel Betancourt mediante un contrato verbal. Sostuvo que, mediante dicho contrato pactaron que la parte apelante trabajaría por un salario de doce dólares ($12.00) por hora.  Añadió que, además, fue contratada para limpiar la casa del señor Daniel Betancourt. Alegó que, más adelante fue despedida de forma injustificada y que, la parte apelada le pagó treinta y cuatro (34) horas de trabajo, pero que, le adeudaba una cantidad de $419.60.

El 8 de mayo de 2025 fue expedida la *Notificación y Citación sobre Cobro de Dinero*. En igual fecha, el foro apelado emitió *Orden de Celebración de Vista Inicial Mediante Videoconferencia*.

La parte peticionaria, el 23 de mayo de 2025, presentó *Moción* por derecho propio donde solicitó que se celebrara la vista de forma presencial.

Por otro lado, el 27 de mayo de 2025, el señor Aníbal Betancourt presentó la *Moci[ó]n Asumiendo Representaci[ó]n Legal sin Someterse a la Jurisdicci[ó]n*. Su moción tuvo el propósito de notificar al foro primario que, en la residencia en la que se entregó la citación no vivía ninguna persona llamada Daniel Betancourt y que, por ello, no se citó debidamente. A tales efectos, expresó que, el Tribunal no había adquirido jurisdicción sobre ningún demandado.

Mediante *Orden* emitida el 28 de mayo de 2025, el foro *a quo* declaró Ha Lugar la *Moción* presentada por la parte apelante el 23 de mayo de 2025. En igual fecha, el Tribunal de Primera Instancia emitió otra *Orden* donde dispuso que, la controversia planteada por

el señor Aníbal Betancourt en su moción, sería atendida en la vista calendarizada el 29 de mayo de 2025.

Así las cosas, el 29 de mayo de 2025, la parte apelante presentó la *Demanda sobre Cobro de Dinero Enmendada*, con el propósito de modificar el nombre de la parte apelada. Mientras que, el 30 de mayo de 2025, mediante *Orden*, el foro de primera instancia aceptó la enmienda a la demanda.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el 26 de junio de 2025, fue celebrada la *Vista de Regla 60*. En la misma fecha, el Tribunal de Primera Instancia emitió la *Sentencia* cuya revisión nos atiene. Por medio de esta, el foro apelado emitió las siguientes determinaciones de hechos:

1. Aníbal Betancourt (el demandado) contrató los servicios de la demandante para que cuidara a su señora madre y realizara las tareas domésticas de limpieza en el hogar.

2. Las partes acordaron que la demandante devengaría $12 por cada hora de trabajo que realizara.

3. La tarifa acordada incluía los servicios de cuido de la madre del demandado y los servicios de limpieza del hogar.

4. La demandante, entre el 11 y 14 de marzo de 2025 trabajó aproximadamente 37.5 horas.

5. El 21 de marzo de este año el demandado pagó a la demandante $450 correspondientes a 37.5 horas de trabajo dedicadas al cuido de la progenitora del demandado más $200 por los trabajos de limpieza que realizó.

De igual manera, el foro *a quo* expresó que, el testimonio de la señora Pérez Sánchez no le mereció credibilidad al ser impreciso y confuso. Añadió que, la prueba demostró que la parte apelante trabajó por lo menos 37.5 horas que le fueron pagadas mediante cheques el 21 de marzo de 2025. Así, el foro de primera instancia concluyó que, la parte apelante fue remunerada de conformidad con el acuerdo alcanzado con la parte apelada, por lo que, la deuda no

era líquida, no estaba vencida ni era exigible. Consecuentemente, el Tribunal de Primera Instancia declaró No Ha Lugar la *Demanda.*

En desacuerdo, la parte apelante presentó *Moción* de reconsideración. Más adelante, presentó otra moción de reconsideración intitulada *Asunto: Moción Demanda de Cobro de Dinero Solicitando Reconsideración.* Mediante *Resolución Interlocutoria* emitida el 2 de julio de 2025, el foro apelado declaró No Ha Lugar la reconsideración presentada por la parte apelante.

Aún inconforme, la parte apelante acudió ante este foro revisor donde nos solicitó que revisáramos la *Sentencia* emitida el 26 de junio de 2025 por el foro *a quo.* Aunque no realizó ningún señalamiento de error, indicó que, la primera instancia judicial faltó a la ética judicial y al debido proceso.

El 25 de agosto de 2025, la parte apelada presentó la *Oposici[ó]n a Apelación.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 215 DPR ___ (2024); *R&B Power. Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89 (2020).[1] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subastas ASG,* supra,

---

[1] Véase *Torres Alvarado v Madera Atiles,* 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011).

pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[2] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020).[3]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *R&B Power. Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones[4], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias

---

[2] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[3] *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

[4] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290, *Arraiga v. FSE*, 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019); *Freire Ruiz et al. v. Morales, Hernández*, supra. Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *AFI v. Carrión Marrero*, 209 DPR 1 (2022); *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107. Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *AFI v. Carrión Marrero*, supra, pág. 4.

Un recurso tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107.

En lo pertinente, el Reglamento del Tribunal de Apelaciones, en su Regla 13(A) dispone que, las apelaciones contra las sentencias dictadas en los casos civiles por los foros de instancia deberán

presentarse dentro del término jurisdiccional de treinta (30) días contados a partir del archivo en autos de una copia de la notificación de la sentencia.

Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013), lo siguiente:

> Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012).

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005); *Freire Ruiz et al. v. Morales, Hernández*, supra.

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[5] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[6]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

---

[5] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[6] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.,* 145 DPR 122, 130 (1998).

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso de epígrafe. Veamos.

Según reseñáramos, mediante recurso de apelación, la parte apelante nos solicita que revisemos la *Sentencia* emitida el y notificada el 26 de junio de 2025, por el Tribunal de Primera Instancia. Al revisar el escrito de la parte apelante pudimos constatar que, pese a que fue entrado a la plataforma Sistema Unificado de Manejo y Administración de Casos (SUMAC) el 24 de julio de 2025, los aranceles fueron pagados el 11 de agosto de 2025, por tanto, el recuso se entiende presentado en dicha fecha. Nos explicamos.

La Regla 72(D) del Reglamento de este Tribunal dispone lo siguiente:

> (D) Cualquier documento que requiera el pago de derechos arancelarios **se entenderá presentado oficialmente en el tribunal cuando se paguen los aranceles correspondientes**, de así ser requerido por ley.[7]

Dado a que la parte apelante realizó el pago de los aranceles el 11 de agosto de 2025, esa es la fecha en la que se entiende presentado el recurso oficialmente. Consecuentemente, carecemos de jurisdicción para entender en el mismo, al ser presentado fuera del término provisto por el Reglamento del Tribunal de Apelaciones.

La Regla 13(A) del Reglamento de este Tribunal dispone que, las apelaciones contra las sentencias dictadas en los casos civiles por los foros de instancia **deberán presentarse dentro del término jurisdiccional de treinta (30) días** contados a partir del archivo en

---

[7] Regla 72(D) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

autos de una copia de la notificación de la sentencia.[8] Debido a que dicho término es uno *jurisdiccional,* su incumplimiento impide la revisión judicial al privar de jurisdicción al Tribunal.[9]

La parte apelante tenía disponible hasta el 26 de julio de 2025 para presentar su escrito. No obstante, no fue hasta el 11 de agosto de 2025 que, oficialmente fue presentado el recurso de apelación. Por tanto, el recurso fue presentado fuera del término jurisdiccional, es decir, fue presentado de forma tardía.

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[10], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] Regla 13(A) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

[9] *Soto Pino v. Uno Radio Group,* supra, pág. 92.

[10] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.